# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-00282-CR-RK |
| | ) |
| HERBERT G. GREEN, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant Herbert Green's Motion to Suppress Evidence. (Doc. 23). Following an evidentiary hearing, Chief United States Magistrate Judge Matt J. Whitworth issued his Report and Recommendation recommending that Defendant's motion be denied. (Doc. 39.) Defendant subsequently filed Objections to the Report and Recommendation (Doc. 44), and the Government filed its response opposing Defendant's objections (Doc. 48). After careful consideration, and for the reasons below, the Court **OVERRULES** Defendant's objections to the magistrate court's Report and Recommendation; **ADOPTS** the magistrate court's Report and Recommendation in its entirety; and **DENIES** Defendant's motion.

## Discussion

The Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court also "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Here, Defendant objects to the magistrate court's conclusions regarding: (1) the particularity of two initial state search warrants; (2) the scope of the search conducted by law enforcement pursuant to the state warrants; and (3) the justification for the protective sweep. Because of the alleged defects in the state warrants and the initial search, Defendant argues that a subsequent federal warrant was granted based on illegally obtained evidence, thus making it invalid. The Court will address these objections and arguments below.[1]

---

[1] Defendant also raises two arguments that were not raised before the magistrate court: (1) that police did not have reasonable suspicion to seize and hold the package for a dog sniff; and (2) the officers

## I. Particularity of the State Search Warrants

The Fourth Amendment provides that warrants must "particularly describ[e] the place to be searched, and the person or things to be seized." *United States v. Pennington*, 287 F.3d 739, 744 (8th Cir. 2002) (quotation marks omitted). In this case, Defendant argues that the state warrants lacked particularity with respect to any evidence other than the package. Further, Defendant objects to the magistrate court's finding that "[a] search warrant for the [package] and an anticipatory search warrant for the address to which the [package] was to be delivered were obtained from Platte County, Missouri." (Doc. 39 at 2.) Defendant maintains that this finding does not address his challenge to the particularity of the warrants.

Contrary to Defendant's assertion, both of the state search warrants specifically describe the place to be searched and the thing to be seized.[2] There was no need for the warrants to be particular about other evidence, because the suspect parcel and marijuana found within were the only items seized in the course of the initial search.[3] (Doc. 32, Tr. at 14, 23, 48, 65.) Accordingly, the state warrants meet the Fourth Amendment requirements for particularity.

## II. Scope of the Initial Search

Defendant objects to the magistrate court's conclusion that "the tactical team's initial securing of the premises was reasonable and did not exceed the scope of the state warrant." (Doc. 39 at 4.) Defendant argues that since the tactical team located the package immediately

---

did not have probable cause to arrest Defendant for drug possession or any other offense, thus rendering their search of his cell phone invalid. Defendant did not raise these arguments in the Motion to Suppress or the evidentiary hearing, instead raising them for the first time in his Objections to the Report and Recommendation. The Court will not address these new arguments as they have not been timely raised under Rule 12 of the Federal Rules of Criminal Procedure. *United States v. Frazier*, 280 F.3d 835, 845 (8th Cir. 2002) (finding that defendant's assertion of a suppression issue was not timely raised when evidence supporting the issue was first introduced in objections to a report and recommendation).

[2] The first warrant, which authorized police to search Defendant's apartment (Doc. 25-1 at 1), details the location of the apartment complex, provides a physical description of the property, and explains exactly how to find apartment 3. The first warrant also identifies the sole item to be seized as the package, and provides a thorough description of the package. The second warrant, which authorized police to search inside the package seized at the FedEx facility (Doc 25-1 at 6), describes in detail the measurements and physical appearance of the package, as well as address information on it. It also specifies what police were to search for and seize inside the package.

[3] Defendant's cell phone was also seized after Defendant voluntarily surrendered it to police and officers found incriminating photographs saved on it.

inside the front door of the apartment, they had no legal basis for moving through the rest of the apartment, and in doing so they exceeded the scope of the warrant.

First, Defendant's argument mischaracterizes the tactical team's protective sweep by addressing it as though it were indistinguishable from the initial search. These were two separate acts by police: an initial sweep conducted to ensure it was safe for detectives to execute the search warrants, and the search carried out pursuant to the warrants. The search carried out by detectives pursuant to the state warrants was limited to: (1) seizing and opening the parcel; (2) seizing the marijuana found within; and (3) photographing incriminating items which the tactical team had located in plain view during the protective sweep. (Doc. 32, Tr. at 14, 21, 38.) Such acts did not stray beyond the scope of the state warrants because the apartment, the package, and its contents were identified specifically by the warrants. (Doc 25-1 at 1, 6.) Further, the photographed items were located in plain view during the protective sweep. Consequently, the Court agrees with the magistrate court that the initial search of Defendant's apartment did not exceed the scope of the initial search warrants.

Second, the initial protective sweep in this case was limited mostly to a cursory inspection of those spaces where a person could be found. It was not conducted in order to search for the package, but to search for people who might destroy evidence or pose a danger to officers executing the warrant.[4] The actions of the tactical team comport with these objectives. Additionally, the tactical team would have been within their rights to seize any incriminating items they found in plain view while conducting the protective sweep under the "plain view" doctrine. *United States v. Evans*, 966 F.2d 398, 400 (8th Cir. 1992); *United States v. Green*, 560 F.3d 853, 856-57 (8th Cir. 2009). Instead, the tactical team informed the detectives executing the state warrants of the presence of incriminating articles they observed within plain view. (Doc. 32, Tr. at 13.) In sum, the initial protective sweep cannot be conflated with the subsequent search conducted pursuant to the state search warrants.

---

[4] The magistrate court found that "Members of the Kansas City, Missouri Police Department Tactical Response Team entered Apartment 3 to clear the apartment for people to ensure it was safe to execute the search warrant. The tactical team went through every room and looked in any place that a person could hide." (Doc. 39 at 3 (citations omitted).) Further, the magistrate court found that "the tactical team was inside the apartment for approximately ten minutes and only looked in places that a person could be hiding." (*Id.* at 4.) These findings are substantially corroborated by the testimony of police officers who carried out the protective sweep and executed the warrants. (Doc. 32, Tr. at 12-13, 36, 41-42, 54.)

However, the Court cannot endorse the tactical team's search inside the shoebox located on top of Defendant's dresser without further information and authority to guide the Court's decision.[5] A search inside an enclosed shoebox stretches the constitutional bounds of a protective sweep to its limits. Nevertheless, the Court finds that even if the search inside the shoebox during the protective sweep was unconstitutional, the evidence located as a result would be admissible under the attenuation doctrine as applied in *Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016). The attenuation doctrine would apply because: (1) the subsequent federal search warrant obtained by police was supported by sufficient lawfully obtained evidence to act as an intervening circumstance;[6] and (2) police misconduct in this case was not purposeful or flagrant. Thus, while the Court finds the search inside the shoebox, if the shoebox was covered, to be questionable, it does not warrant granting the Motion to Suppress.

### III. Justification for the Protective Sweep

Defendant objects to the magistrate court's conclusion that "the tactical team entered to secure the premises to ensure it was safe for officers to execute the warrant." (Doc. 39 at 4.) "The execution of a warrant to search for narcotics is the kind of transaction that may give rise to sudden violence or frantic efforts to conceal or destroy evidence, and the risk of harm to both the police and the occupants is minimized if the officers routinely exercise unquestioned command of the situation." *Bailey v. United States*, 568 U.S. 186, 194 (2013) (cleaned up). "When law enforcement officers execute a search warrant, safety considerations require that they secure the premises." *Id*. at 195.

Defendant mistakenly claims that the protective sweep was conducted incident to arrest, but the sweep was in fact incident to the state search warrants. As such, police were justified in securing the apartment in preparation for the execution of said warrants under *Bailey*. Defendant

---

[5] It is unclear from the record whether the shoebox located on top of Defendant's dresser was open, or whether the tactical team could see the items inside in plain view. A search of the top of Defendant's dresser is permissible under the Fourth Amendment according to *Green*, 560 F.3d at 856-57, because it is reasonable to believe a person could be hiding there. However, the same logic does not apply to a search inside an enclosed shoebox.

[6] Lawfully obtained evidence used in the affidavit supporting the application for the federal warrant includes the parcel with 24 pounds of marijuana seized inside the apartment; incriminating photos from Defendant's cell phone; a bulletproof vest; and a heat sealer with several baggies. (Doc. 32, Tr. at 16-21, 23.)

cites *United States v. Waldner*, 425 F.3d 514, 517 (8th Cir. 2005) to support his argument that the protective sweep was invalid. In *Waldner*, the court suppressed evidence located by police when they went to the defendant's home to serve an ex parte protection order. *Id.* at 515. Police found the evidence when an officer entered a room in the defendant's house to do a protective sweep. *Id.* at 516. The *Waldner* court found that the officer had no valid reason to conduct a protective sweep of the room because: (1) there were no articulable facts indicating that an unknown individual might be inside; and (2) the defendant could not have entered the room without passing by the officer first. *Id.* at 517. The Court finds *Waldner* distinguishable because: (1) the police officers in *Waldner* did not possess a search or arrest warrant authorizing entry into the defendant's home or any rooms therein; (2) the defendant in *Waldner* was with the officers during the course of their protective sweep; and (3) the officers in *Waldner* seized the evidence at the time of the unlawful search. In the present case, police already possessed a valid search warrant for Defendant's apartment and did not need to rely on consent to enter and search. Additionally, Defendant Green had been arrested outside and was not present with officers while they conducted the protective sweep. Finally, no evidence was seized during the protective sweep in this case. For these reasons, *Waldner* does not control the Court's decision on this motion.

## Conclusion

Accordingly, the Court **OVERRULES** Defendant's Objections to the Report and Recommendation (Doc. 44); **ADOPTS** the Report and Recommendation of Chief United States Magistrate Judge Matt J. Whitworth (Doc. 39); and **DENIES** Defendant's Motion to Suppress Evidence (Doc. 23). The Report and Recommendation of Chief United States Magistrate Judge Matt J. Whitworth shall be attached to and made part of this Order.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 13, 2019