# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-00282-CR-RK |
| HERBERT G. GREEN, | ) ) ) |
| Defendant. | ) |

## ORDER DENYING DEFENDANT'S SECOND MOTION TO SUPPRESS

Before the Court are Defendant's Second Motion to Suppress Evidence (Doc. 57); the Report and Recommendation of the late United States Magistrate Judge Matt J. Whitworth, which recommends denying the motion (Doc. 68); Defendant's objections thereto (Doc. 70); and the Government's opposition to the objections (Doc. 71). After careful consideration, and for the reasons below, the Court **OVERRULES** Defendant's objections, **ADOPTS** Judge Whitworth's Report and Recommendation, and **DENIES** Defendant's motion.

In Defendant's objections to the first report and recommendation regarding Defendant's first motion to suppress, he made two arguments that were not initially presented to Judge Whitworth in Defendant's first motion to suppress or at the first suppression hearing: (1) that the police lacked reasonable suspicion to seize the package at issue from the mail stream for a dog sniff and (2) that the police lacked probable cause to arrest him. Because these objections were out of time, the Court did not address them in its Order denying the first motion to suppress. (Doc. 49 at 1-2 n.1.) However, upon Defendant's motion for reconsideration, and with the agreement of the Government, the Court allowed Defendant to file a second motion to suppress raising only these subsequent issues. (Doc. 52.) Judge Whitworth held a hearing on the second motion and recommended that it be denied because (1) the police did not "seize" the package within the meaning of the Fourth Amendment when they temporarily removed it from the mail stream under the facts of this case; (2) even assuming this was a seizure, the police had reasonable suspicion to seize it; and (3) the police had probable cause for an arrest. (Doc. 68.) Defendant objects to each of these conclusions.

The Court agrees with Judge Whitworth's analysis in all respects. Regarding the first issue, the police did not "seize" the package until after the dog alerted to the presence of drugs. It was

not a seizure to remove the package from the FedEx conveyor belt, carry it 200 feet to the back of the warehouse, and subject it to a dog sniff. This was in accordance with FedEx's established procedures and requirement that dogs not be around the conveyor belt. As a result, FedEx did not lose custody of the package until the police left with it, and it is apparent from the record that delivery would not have been delayed if the dog sniff had been negative. *United States v. Zacher*, 465 F.3d 336 (8th Cir. 2006) (no seizure unless FedEx lost custody or delivery was delayed) (relying on *United States v. Va Lerie*, 424 F.3d 694, 696 (8th Cir. 2005) (en banc) (not a seizure to remove checked luggage from a bus because it did not delay the passenger's travel, significantly impact his freedom of movement, deprive the bus company of custody of the luggage, or delay its delivery)).

Defendant argues that *Va Lerie* and *Zacher* are no longer good law following *United States v. Jones*, 565 U.S. 400 (2012). The Court disagrees. In *Va Lerie*, the Eighth Circuit stated as follows: "the seizure standard prohibits the government's conversion of an individual's private property, as opposed to the mere technical trespass to an individual's private property." 424 F.3d at 702. Defendant argues that *Jones* undermined this logic by holding that a trespass coupled with an attempt to find something or obtain information (i.e., by attaching a tracking device to a vehicle) is enough to be a Fourth Amendment search. 565 U.S. at 408 n.5. *Jones* is distinguishable because the test for what constitutes a search is different from the test for what constitutes a seizure. *See Va Lerie*, 424 F.3d at 701 ("'Different interests are implicated by a seizure than by a search.'") (quoting *Segura v. United States*, 468 U.S. 796, 806 (1984)). *Jones* itself recognized this distinction and stated as follows: "a seizure of property occurs, not when there is a trespass, but when there is some meaningful interference with an individual's possessory interests in that property." *Id.* (quotation marks and citation omitted). This is the same test the Eighth Circuit addressed in its en banc decision in *Va Lerie*, on which *Zacher* relied. Therefore, these cases are still good law.

On the remaining issues, suffice it to say that the record and the law support Judge Whitworth's findings and conclusions. While the package was on the conveyor belt, police observed that it was a large moving box, from a city known for sourcing drugs, that was apparently glued shut. This was sufficient to support a reasonable suspicion that the package contained drugs. Contrary to Defendant's assertion, the pictures admitted into evidence during the suppression hearing do not contradict Judge Whitworth's finding that the detective "could see that the edges

2

of the lid of the box were glued down." (Doc. 68 at 3). The detective testified on cross-examination that, although he could not see the glue from the picture he was being shown (Doc. 61-1 at 4), "in person [he was] able to see the glue" (Doc. 65, Tr. at 23). "Deference to the magistrate's credibility determinations is appropriate when they are supported by the record." *United States v. Cisneros-Gutierrez*, No. 07-00280-CR-W-HFS, 2008 WL 2483271, at \*1 (W.D. Mo. June 17, 2008), *aff'd*, 598 F.3d 997 (8th Cir. 2010).

After the drug dog alerted to the package, the police conducted a controlled delivery and overheard Defendant tell someone on the phone, "[t]he box is here," shortly before he placed it in the apartment to which it was being delivered. (Doc. 65, Tr. at 30.) Defendant's familiarity with *the* package suggested he probably knew what was inside. When coupled with an alert from the drug dog, this gave rise to probable cause for an arrest.

After carefully considering the record and the law *de novo*, the Court **OVERRULES** Defendant's Objections to the Report and Recommendation (Doc. 70); **ADOPTS** the Report and Recommendation of the late United States Magistrate Judge Matt J. Whitworth (Doc. 68); and **DENIES** Defendant's Second Motion to Suppress Evidence (Doc. 57). The Report and Recommendation shall be attached to and made part of this Order.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 19, 2019